Nathaniel A. MINGO, Plaintiff-
Appellant

v.

BOSSIER MAXIMUM CORRECTION-
AL FACILITY, in their official an in-
dividual capacity; Julian C. Whitting-
ton, in his individual capacity; Rodney
Boyer, in his official and individual
capacity; Brad Anderson, in his offi-
cial and individual capacity; Mark To-
loso, in his official and individual ca-
pacity; John Doe, in his official and
individual capacity; Jane Doe, in her
official and individual capacity; Katri-
na Chandler, Defendants-Appellees

No. 17-30148

United States Court of Appeals,
Fifth Circuit.

Filed October 26, 2017

Nathaniel A. Mingo, Pro Se

Before SMITH, WIENER, and
HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff-Appellant Nathaniel A. Mingo,
Louisiana prisoner # 415870, filed a mo-
tion for leave to proceed in forma pauperis
(IFP) on appeal from the dismissal of his
civil rights action under 42 U.S.C. § 1983.
The district court concluded that Mingo
had failed to state a cognizable constitu-
tional claim.

The district court also denied IFP status
and certified that the appeal was not taken
in good faith. *See* 28 U.S.C. § 1915(a)(3);
FED. R. APP. P. 24(a)(3). Mingo challenges
that certification by moving to appeal IFP,
*See Baugh v. Taylor*, 117 F.3d 197, 202
(5th Cir. 1997). Our inquiry "is limited to
whether the appeal involves legal points
arguable on their merits (and therefore not
frivolous)." *Howard v. King*, 707 F.2d 215,
220 (5th Cir. 1983) (internal quotation
marks and citation omitted). We may dis-
miss the appeal if it is apparent that it
would be meritless. *See Baugh*, 117 F.3d at
202 n.24; *see* 5TH CIR. R. 42.2.

Mingo conclusionally asserts that he
"has been diagnosed to have a life-long
handicap and permanent disability from
serious injuries." He further asserts that
"he was referred to a specialist" but was
denied adequate and timely medical care,
which he could show if he is granted a
hearing and "an investigation and report in
order to develop an adequate factual rec-
ord." However, Mingo offers only conclu-
sional assertions without elaboration or
any explanation of how any particular de-
fendant's acts violated his constitutional
rights or caused his alleged injuries. As
Mingo fails to identify any error in the
district court's analysis, it is as though he
has not appealed that issue. *See Brink-
mann v. Dallas County Deputy Sheriff
Abner*, 813 F.2d 744, 748 (5th Cir. 1987).
He has failed to identify any nonfrivolous
issue for appeal concerning his medical
care.

Mingo also contends that he was entitled
to a *Spears* hearing at which he could have
further developed his claims. *Cf. Spears v.
McCotter*, 766 F.2d 179, 180-82 (5th Cir.
1985) (approving of a hearing at which a
prisoner may articulate and explain the

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

factual basis for his claims). The district court was not required to hold a *Spears* hearing, especially because it used a questionnaire that served the same function as a *Spears* hearing. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009); *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir. 1986). Mingo further maintains that he is entitled to a jury trial under the Seventh Amendment. He makes this bare assertion without addressing any claim or identifying any nonfrivolous issue for appeal.

Aside from the foregoing contentions, Mingo primarily cites established law without explaining how it applies to his appeal. Any potential arguments that Mingo may have had about the claims he raised in the district court are waived by his failure to brief them on appeal. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Mingo identifies no nonfrivolous issue for appeal, his IFP motion is DENIED and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Mingo's complaint for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Mingo is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).